FILED
 2012 Mar-12  AM 10:42
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **CALVIN S. WILLIAMS, JR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | )    **CASE NO. 6:10-CV-3415-SLB** |
| | ) |
| **TOWN OF CARBON HILL, ALABAMA; THOMAS SORRELL; BOB KING,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 2),[1] and defendants' Motion to Withdraw their Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 3). For the reasons set forth herein, defendants' Motion to Withdraw their Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 3), is due to be granted, and their Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 2), is due to be denied as moot.

On August 8, 2011, the court ordered plaintiff "to file proof of service of the Summons and Complaint as to defendants King and Sorrell." (Doc. 18 at 3.) The court noted:

> If all three defendants [Carbon Hill, Thomas Sorrell, and Bob King] were served on the same day at the same address, the Notice of Removal is untimely

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

and the case is due to be remanded.  However, if, as defendants contend, the individual defendants – King and Sorrell – have yet to be served, the Notice of Removal was timely filed [footnote] and the court will allow defendants to withdraw their Motion to Remand.

[Footnote]  The Eleventh Circuit has not specifically addressed the issue of whether an unserved defendant may remove a case from state court; however, a number of courts addressing the issue have held that "an unserved defendant in receipt of the complaint may remove prior to service under Section 1446(b)." *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009); *see also Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-30 (7th Cir. 2004); *Delgado v. Shell Oil Co.*, 231 F.3d 165,177 (5th Cir. 2000), *cert. denied* 532 U.S. 972 (2001); *Abraham v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 3:11CV182–HEH, 2011 WL 1790168, 3-4 (E.D. Va. May 9, 2011); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1215 (D. Hawaii 2010); *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 576 (S.D. Ala. 1986).

(*Id*. at 3 and n.1.)

In response to the court's Order, plaintiff submitted the Summonses, which show that a copy of the Summons and Complaint for King and Sorrell were personally served on Rosa McDonald at 170 N.W. 2nd Street, Carbon Hill, Alabama, 35549, (doc. 19 at 2-3), which is the address of the Carbon Hill City Hall and it is where the Police Department is located. The Return of Service for the Summons to Carbon Hill indicates that Rosa McDonald is a magistrate. (*Id*. at 1.) Sorrell and King testified that they did not appoint McDonald as their agent for purposes of receiving service.  (Doc. 23-1 ¶ 4; doc. 23-2 ¶ 7.)  This service on Sorrell and King was improper under Alabama law.[2]

---

[2]In Alabama,

Service of process, except service by publication as provided in Rule 4.3, shall

Plaintiff concedes that Sorrell and King were not served "directly." (Doc. 20 ¶ 2.) However,

> 3. Realizing that this service raised an issue regarding "sufficiency of service of process" as to the individual defendants, counsel intended to discuss with counsel for the defendants whether the individual defendants were going challenge sufficiency of service, fully expecting that the defendants would waive any challenge regarding sufficiency of service, as is routinely done.
>
> 4. Subsequently, the defendants indeed filed their notice of removal acknowledging that they had been served with the summons and complaint. Thus, the plaintiff accepted and relied upon the defendants representations in concluding that the defendants had waived any issue regarding service.

(Doc. 20 ¶¶ 3-4.) Assuming, without deciding, that defendants Sorrell and King have "waived" the issue of proper service by filing a Notice of Removal,[3] the court finds they did not "waive" such issue until, at the earliest, the date the Notice of Removal was filed,

---

be made as follows:

(1) *Individual*. Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process . . . .

Ala. R. Civ. P. 4(c)(1). Plaintiff attempted to serve Sorrell and King at the Carbon Hill City Hall and delivered the summons and complaint to McDonald, who was not the agent of Sorrell or King. Therefore, this service was improper.

[3]The court is not deciding whether Sorrell may raise the issue of proper service of process in a 12(b) Motion or in an Answer. King has filed a Motion to Dismiss based on a lack of subject-matter jurisdiction and failure to state a claim. (*See* doc. 8.) By failing to raise a claim based on improper service, he has waived such defense. *See* Fed. R. Civ. P. 12(h)(1)(A).

3

December 9, 2010. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)("the defendant's period for removal will be no less than 30 days from service"); *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 559 (D.N.J. 2009)("Proper service of process, or a valid waiver, is required for the thirty day clock to begin to run on removal rights."); *Island Pipeline, LLC v. Sequoyah Ltd., LLC*, No. 3:08-cv-1133-J-32HTS, 2009 WL 413584, *3 (M.D. Fla. Feb. 18, 2009)(removal was timely; defendant waived service less than 30 days before filing notice of removal); *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 439 (S.D.N.Y. 2006)(time for removal began to run when defendant filed answer, which the court construed as waiver of personal service).

Therefore, the court finds defendants' Notice of Removal of this action was timely. *See* 28 U.S.C. § 1446(b).

Plaintiff argues that this court should presume that Sorrell and King were actually served on November 8, 2010, based on statements made by their counsel in the Notice of Removal and the Motion to Withdraw Notice of Removal/Motion to Remand. The Notice of Removal states, "This notice of removal was filed within thirty (30) days after the first Defendant's receipt of a copy of the initial pleading setting out the claims for relief upon which this action is based. ***Specifically, Defendants, Town of Carbon Hill, Thomas Sorrell and Bob King, were served with a Complaint on November 11, 2010***." (Doc. 1 ¶ II [emphasis added].) The Motion to Withdraw Notice of Removal/Motion to Remand states, "Since filing the Notice of Removal, the defendants have discovered that ***the City of Carbon***

4

***Hill was served with the Summons and Complaint on November 8, 2010***, and not on November 11, 2010 as alleged in the Notice of Removal." (Doc. 2 ¶ 2 [emphasis added].) This document does not mention service on Sorrell or King. (*See generally id*.) Finally, defendants' Motion to Withdraw their Motion to Withdraw Notice of Removal/Motion to Remand states, "***[D]efendants Sorrell and King have not been served*** with the Complaint up to present according to alacourt.com records on this case." (Doc. 3 ¶ 2.) The Summonses confirm that defendants Sorrell and King were not properly served on November 8, 2010. (Doc. 19 at 2-3.)

The record demonstrates that defendants' statement that Sorrell and King had been served on November 11, 2010, was a mistake. The truth of the matter is that Sorrell and King were not properly served at the time plaintiff served Carbon Hill, a fact plaintiff concedes. The court will not find that counsel's misstatement in the Notice of Removal constitutes a judicial admission, or otherwise estops Sorrell and King from asserting in the Motion to Withdraw their Motion to Withdraw, (doc. 3), that they were not served. *See New Hampshire v. Maine*, 532 U.S. 742, 753 (2001)("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.")(internal quotation and citation omitted); *Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1345 n.7 (11th Cir. 2006)("When considering a party's motive and intent and whether it justifies applying judicial estoppel, we require that the intent be cold manipulation and not an unthinking or confused blunder. The doctrine of

5

judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence.")(internal quotations and citations omitted); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) ("Once [a judicial admission is] made, the subject matter ought not be reopened in the absence of a showing of exceptional circumstances, but a court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and the party was laboring under a mistake when he made the admission."), *quoted in Palm Beach Intern., Inc. v. Salkin*, No. 10–60995–CIV, 2010 WL 5418995, *6 (S.D. Fla. Dec. 23, 2010).

Because Sorrell and King had not been properly served at the time they filed the Notice of Removal, their 30 days to remove this action from state court did not start to run until, at the earliest, the date they filed the Notice of Removal. Therefore, removal of the action is timely.

Defendants' Motion to Withdraw their Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 3), will be granted; their Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 2), will be denied as moot.

An Order granting defendants' Motion to Withdraw Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 3), and denying as moot their Motion to Withdraw Notice of Removal/Motion to Remand, (doc. 2), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 12th day of March, 2012.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE